IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| VIVIA WILLIAMS,<br><br>                    Plaintiff<br>    v.<br><br>RANGER AMERICAN OF THE V.I. Inc. and RANGER AMERICAN OF PUERTO RICO, Inc.,<br><br>                    Defendants. | Civ. No. 14-0017<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

This matter has come before the Court upon a motion to dismiss brought by one of the two Defendants, Defendant Ranger American of Puerto Rico, Inc. ("Defendant"). (ECF No. 10). The motion is opposed by Plaintiff Vivia Williams ("Plaintiff"). (ECF No. 16). Plaintiff also filed a counter-motion for discovery pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 17). Defendant opposed the counter-motion. (ECF No. 21). The parties presented limited oral argument on December 1, 2016 at 3PM eastern standard time. The Court has decided this matter after considering the written submissions and oral argument. For the reasons set forth below, the Court will deny Defendant's motion to dismiss and deny Plaintiff's motion for discovery.

## BACKGROUND

This case concerns an employment dispute and alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. relief from racial, religious, national origin, and sex discrimination in employment, and 42 U.S.C.A. § 1981.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Plaintiff alleges that she was an employee of Defendant Ranger American of the V.I., Inc. and its parent company, Defendant Ranger American of Puerto Rico, Inc., from December 2008 through late-2013.  (Compl., ECF No. 1).  Plaintiff alleges that "Defendant Ranger American of Puerto Rico, Inc., upon information, is the parent company of Ranger American of the V.I., Inc. and controls the employment decisions of Ranger American of the V.I., Inc." (*Id.* ¶ 5).  On that basis, Plaintiff alleges that Defendant Ranger American of Puerto Rico, Inc. ("Defendant") acted in conjunction with Defendant Ranger American of the V.I., Inc. ("co-Defendant") as her employer and in violating her rights.  (*See, e.g.*, *id.* ¶¶ 6, 8, 15, 30, 32 (referring to "Defendants" acting jointly)).

Plaintiff also alleges that she met with an employee of Defendants, Ms. Soto-Escobar, in August 2013.  (*Id.* ¶ 18).  Plaintiff alleges that Ms. Soto-Escobar communicated with her about her demotion and the reasons for it.  (*Id.* ¶ 20-23).

Defendant Ranger American of Puerto Rico, Inc. argues that Plaintiff was not its employee.  (Mot. at 2, ECF No. 10).  Furthermore, Defendant argues that Plaintiff was never demoted, discharged or constructively discharged by Defendant, nor has Plaintiff ever filed charges of discrimination against Defendant or received a right to sue letter against Defendant.  (*Id.* at 2).  On this basis, Defendant Ranger American of Puerto Rico, Inc. moves to dismiss the complaint against it for lack of jurisdiction, both subject matter and personal jurisdiction.  (*Id.* at 3).  This motion is presently before the Court.

## DISCUSSION

I.        **Motion to Dismiss**

A defendant may challenge the sufficiency of the complaint by filing a motion to dismiss under Fed. R. Civ. P. 12(b).  When considering a motion to dismiss, the court must accept as true

all of a plaintiff's well-pleaded factual allegations and construe disputed facts in favor of the plaintiff. *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 457 (3d Cir. 2003).

A defendant may move to dismiss a complaint for lack of subject matter or personal jurisdiction. Here, while Defendant mentions a lack of diversity and federal question jurisdiction in the course of its motion, the substance of its argument is that Defendant is not and was not Plaintiff's employer, and thus any claim Plaintiff has regarding her employment cannot properly be brought against this Defendant. (Mot. at 3, ECF No. 10). Thus, Defendant argues this Court lacks personal jurisdiction over Defendant because it is an out-of-state defendant with no ties to this claim.

This Court does have subject matter jurisdiction over this claim pursuant to federal question jurisdiction. The allegations include violations of federal employment laws and basis in a Right to Sue letter issued by the Equal Employment Opportunity Commission, a federal agency. Additionally, the Court has supplemental jurisdiction over any claims within the same case or controversy. *See* 28 U.S.C. §§ 1331, 1367.

Therefore, the question in this motion is whether Defendant was the co-employer of Plaintiff with its co-Defendant, Ranger American of the V.I., Inc., such that the Court's subject matter jurisdiction over this claim extends to Defendant, and this Court may properly exercise personal jurisdiction over Defendant in this forum.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin,* 499 F.3d 290, 295–96 (3d Cir. 2007). A plaintiff can meet its burden by pointing out facts and allegations in

3

the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant.  *See Miller Yacht Salves, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  Where the court does not hold an evidentiary hearing, the plaintiff need only present a prima facie case to support the exercise of personal jurisdiction.  *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003).

Plaintiff alleges in her complaint that Defendant Ranger American of Puerto Rico, Inc. is a corporation incorporated in Puerto Rico with its principal place of business in Puerto Rico, which is doing business in the United States Virgin Islands, and which is the parent company of Ranger American of the V.I., Inc. and controls the employment decisions of Ranger American of the V.I., Inc.  (Compl. ¶¶ 4-5, ECF No. 1).  Defendant disputes that it does business in the Virgin Islands, is the parent company of Ranger American of the V.I., Inc., and was the employer of Plaintiff.  (Mot. at 1, ECF No. 10).  The Court will address each of these in turn.

It is undisputed that Defendant is a foreign corporation.  Thus, the Court must conduct a two-part analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process.  *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *In re Kelvin Manbodh Asbestos Litig. Series,* 47 V.I. 267, 279 (Super. Ct. 2005)).

The Virgin Islands long-arm statute likely permits the exercise of personal jurisdiction to the full extent permitted by the due process clause.  *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003).  Thus, this two-part inquiry is collapsed into a single step considering whether the exertion of personal jurisdiction over this defendant comports with the due process clause.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235 (1958)). There are two levels of personal jurisdiction: general and specific. A court may exercise general jurisdiction over a defendant where he or she has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). A court may exercise specific jurisdiction when the defendant purposely directs its activities at the forum such that the defendant "should reasonably anticipate being haled into court in that forum," the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *Remnick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 463 (1985)).

Plaintiff alleges Defendant does business in the Virgin Islands, but does not allege facts of continuous or systematic contact sufficient to establish general jurisdiction over Defendant. However, Plaintiff does allege that Defendant controls the employment decisions of its co-Defendant, which impacted Plaintiff and gave rise to this lawsuit. Thus, taking Plaintiff's allegations as true and construing disputed facts in favor of Plaintiff, Plaintiff has alleged that Defendant directed its activities at the forum such that it could reasonably anticipate being called to court here and that the litigation arises out of those activities. (Compl. ¶¶ 5, 6, 8, 15, 30, 32,

ECF No. 1).

Furthermore, in her opposition to the present motion, Plaintiff alleges that the demotion letter she received from Ms. Soto-Escobar had a return address that is the same as Defendant Ranger American of Puerto Rico, Inc.'s Puerto Rico address. (Opp'n at 10, ECF No. 16 (referencing Compl. ¶ 22, ECF No. 1; Opp'n Exs. 2, 3, ECF No. 16)). This provides additional support for the allegation that Defendant acted out employment decisions in the Virgin Islands, purposefully availed itself of the privilege of conducting activities within the Virgin Islands, and had contact with the forum that was the source of this litigation. Thus, the exercise of specific personal jurisdiction over Defendant in this case would comport with fair play and substantial justice.

Plaintiff also alleges that Defendant was the parent company of co-Defendant. (Compl. ¶ 5, ECF No. 1). There is not personal jurisdiction over a parent company because of a subsidiary's connections to the forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). However, where a parent company controls employment decisions of its affiliate in the forum, that is sufficient to establish personal jurisdiction over the parent company. *See In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 344 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012) (noting that if parent company could hire and fire employees, it would be an alter ego such that the court could exercise personal jurisdiction over it in the forum); *Radian Guar. Inc. v. Bolen*, 18 F. Supp. 3d 635, 649 (E.D. Pa. 2014) (shared employees or managerial personnel would be evidence that subsidiary was an alter ego of parent company such that the forum could exercise personal jurisdiction over parent company).

In this case, Plaintiff has alleged credible facts that Defendant acted out employment

6

decisions in the forum on behalf of itself or its co-Defendant through Ms. Soto-Escobar and letters from Ms. Soto-Escobar. (Opp'n at 10, ECF No. 16 (referencing Compl. ¶ 22, ECF No. 1; Opp'n Exs. 2, 3, ECF No. 16)). Thus, the Court could also exercise personal jurisdiction over Defendant on this basis.

Defendant also alleges that, because Plaintiff never received a right to sue letter against it, she cannot file suit against this Defendant. Because the Court has determined that Defendant acted as Plaintiff's employer jointly with co-Defendant Ranger American of the V.I., Inc., the Court finds that it has subject matter jurisdiction pursuant to Plaintiff's letter granting right to sue co-Defendant Ranger American of the V.I., Inc.

## II. Motion for Discovery

The parties dispute the admissibility of Defendant's Affidavit (Mot. Attach. Aff., ECF No. 10-1) and whether or not Plaintiff may obtain additional discovery regarding the connection of Defendant Ranger American of Puerto Rico, Inc. to co-Defendant Ranger American of the V.I., Inc. and the Virgin Islands generally. (Mot. Disc., ECF No. 17; Opp'n, ECF No. 21). Considering that the parties have conducted significant discovery since these motions were filed and Plaintiff has alleged sufficient facts to establish personal jurisdiction over Defendant Ranger American of Puerto Rico, Inc. in the Virgin Islands, the Court finds that further discovery on this motion is unnecessary.

## CONCLUSION

For the reasons above, the Court will deny Defendant's motion to dismiss for lack of personal jurisdiction and will deny Plaintiff's motion for discovery as moot. An appropriate Order will follow.

Dated: *December 13, 2016*            */s/ Anne E. Thompson*
                                                         ANNE E. THOMPSON, U.S.D.J.