**UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION**

| | |
|---|---|
| VIVIA WILLIAMS, <br><br> Plaintiff, <br> v. <br><br> RANGER AMERICAN OF THE V.I., INC. and RANGER AMERICAN OF PUERTO RICO, INC., <br><br> Defendants. | Civ. No. 14-00017 <br><br> **OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter has come before the Court on a Motion for Attorneys' Fees and Costs from Plaintiff Vivia Williams ("Plaintiff"). (ECF No. 148). Defendants Ranger American of the V.I., Inc. and Ranger American of Puerto Rico, Inc. (collectively "Defendants") oppose. (ECF No. 153). The Court has decided the Motion based on the written submissions of the parties and a hearing held on May 4, 2017. For the reasons stated below, Plaintiff's Motion will be granted on a modified basis.

## BACKGROUND

This case concerned Defendants' alleged discrimination against and wrongful discharge of Plaintiff. Plaintiff alleged that Defendants: (1) discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discriminated against her in violation of the Virgin Islands Civil Rights Act ("VICRA"); and (3) discharged her in violation of the Virgin

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Islands Wrongful Discharge Act ("VIWDA"). The trial in this matter took place over four days, from February 27–March 2, 2017. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff on all three counts. On March 7, 2017, the Court entered judgment in favor of Plaintiff. Shortly thereafter, Plaintiff submitted a Motion for Attorneys' Fees and Costs. (ECF No. 148). This Motion is presently before the Court.

## DISCUSSION

Plaintiff brings her motion for attorneys' fees and costs pursuant to 24 V.I.C. § 79, 10 V.I.C. § 64, and 42 U.S.C. § 2000e-5k. The Court will first address Plaintiff's requested attorneys' fees, followed by Plaintiff's requested costs.

### A. Attorneys' Fees

Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e-5(k). "Prevailing plaintiffs should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 750–51 (3d Cir. 1997) (internal citations and quotations omitted). The calculus in determining the amount of attorneys' fees a prevailing party is entitled to receive in a civil rights action is well-settled. "The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This estimate is called the "lodestar." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). Even after calculating the lodestar, "[h]owever, the district court has the discretion to make certain adjustments to the lodestar," if the party opposing the fee petition has met its "burden of proving that an adjustment is necessary." *Id.* (citations omitted).

For claims arising under local rather than federal law, local fee shifting statutes apply. *Mendez v. Puerto Rican Int'l Companies, Inc.*, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015) (citations omitted). Both the VICRA and the VIWDA provide that the Court shall award a reasonable attorneys' fee to a prevailing plaintiff. *See* 24 V.I.C. § 79; 10 V.I.C. § 64(15). "To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008). The Court undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. *Baumann v. Virgin Islands Water & Power Auth.*, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016). "First, the Court determines whether the hours billed were 'reasonably expended.'" *Id.* (citation omitted). "Second, the Court determines whether the hourly rate sought is reasonable in comparison to the prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). "The party seeking attorneys' fees bears the burden of proving that their request is reasonable." *Baumann*, 2016 WL 1703312 at *1 (citation omitted).

In this case, Plaintiff seeks $125,267.00 in attorneys' fees. First, the Court considers whether the hours billed were reasonably expended. The three attorneys who worked on this case for Plaintiff—Attorney Rohn, Attorney Carpenter, and Attorney Lawrence— all submitted time charts detailing the work performed on this case. Having considered Defendants' objections, the Court is persuaded that most of the hours billed by Plaintiffs' attorneys were reasonably expended. However, the Court determines that an attorney of Attorney Rohn's skill would need approximately half the time of her billing to accomplish certain tasks in this relatively simple case. Attorney Lawrence, the most junior attorney, was also needed less than

3

she was billed. Therefore, the Court made the following reductions to certain hours billed by Attorney Rohn and Attorney Lawrence.

### i. Attorney Rohn

| Billing Entry | Hours Billed | Hours Excluded | Reason Excluded |
|---|---|---|---|
| 11/12/13 – Draft Plaintiff's Complaint | 2.50 hours | 1.25 hours | Excessive number of hours expended; Complaint lacking in specificity |
| 5/14/15 – Settlement Demand to Defendant | 2.50 hours | 1.25 hours | Excessive number of hours expended |
| 5/18/15 – Review Defendants' response to second interrogatories | 2.0 hours | 1.0 hour | Excessive number of hours expended |
| 6/3/15 – Prepare for status conference (Cannon) | 2.0 hours | 1.0 hour | Excessive number of hours expended |
| 1/4/17 – Prepare and file witness list & exhibit list | 2.50 hours | 1.25 hours | Excessive number of hours expended |
| 1/9/17 – Prep for Status Conference & Status Conference | 2.0 hours | 1.0 hour | Excessive number of hours expended |
| 1/17/17 – Outline Deposition Soto | 4.0 hours | 2.0 hours | Excessive number of hours expended |
| 2/22/17 – Trial Prep w/ Dr. Arakere Prasad | 1.0 hours | .5 hours | Excessive number of hours expended; witness presented such minimal evidence in his testimony at trial |
| 2/23/17 – Review notices to Court | 2.0 hours | 1.0 hour | Excessive number of hours expended |
| 2/25/17 – Trial Preparation | 10.0 hours | 5.0 hours | Excessive number of hours expended |

**Total reduction for Attorney Rohn: 15.25 hours**

### ii. Attorney Lawrence

| Billing Entry | Hours Billed | Hours Excluded | Reason Excluded |
| --- | --- | --- | --- |
| 7/10/14 – 7/11/14 – Research re Personal Jurisdiction Law and Joint Employer Status Effect on Personal Jurisdiction | 7.50 hours | 3.75 Hours | Excessive number of hours expended |
| 7/7/15 – 7/10/15 – Review Case File, including 7 deposition transcripts, documents produced by all Parties, Interrogatory Response of all Parties, Voluntary Disclosures of all Parties | 20.25 hours | 10.10 Hours | Excessive number of hours expended |

**Total reduction for Attorney Lawrence: 13.85 hours (Research and Writing hours)**

The Court next considers whether the requested rates are reasonable. Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *M&T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (citing *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). Attorney Rohn has over 40 years of litigation experience and she seeks an hourly rate of $400/hour. Attorney Carpenter has over thirty years of litigation experience and she seeks an hourly rate of $350/hour. Attorney Lawrence has eight years of litigation experience and she seeks an hourly rate of $300/hour for her work as a research and writing attorney and $200/hour for her work as Second Chair at trial.

Plaintiff does not cite any case where a Court has found $400/hour to be a reasonable rate in this jurisdiction. Nor is the Court persuaded that such a rate is reasonable in this case, which was not particularly novel or complex. The Court acknowledges that Attorney Rohn is very skillful, knowledgeable and experienced. However, the Court considers it appropriate to reduce Attorney Rohn's rate from $400/hour to $300/hour. Similarly, the Court will reduce the rate of

Attorney Carpenter from $350/hour to $250/hour. The Court will also reduce the rate of Attorney Lawrence from $300/hour to $200/hour for her work as research and writing attorney. The Court is persuaded that $200/hour is reasonable for her work as Second Chair, and will not reduce this rate. As a result, the hourly rates multiplied by time expended are as follows:

**Attorney Rohn: 159.85 hours at $300/hour = $47,955**

**Attorney Carpenter: 39.65 hours at $250/hour = $9,912.50**

**Attorney Lawrence (Research and Writing): 100.65 hours at $200/hour = $20,130**

**Attorney Lawrence (Second Chair): 35 hours at $200/hour = $7,000**

Accordingly, the Court will award Plaintiff attorneys' fees in the amount of $84,997.50.

B. **Costs**

Both the VICRA and the VIWDA provide that a Court shall award reasonable costs to a prevailing plaintiff.[2] Additionally, 5 V.I.C. § 541 is the statute which governs what costs are generally recoverable in civil actions in the Virgin Islands. 5 V.I.C. 541(a) lists the following recoverable costs:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

---

[2] 10 V.I.C. § 64(15) ("In addition to other remedies, any person who has been discriminated against as defined in this section may bring an action for compensatory and punitive damages in any court of competent jurisdiction. The court in such action shall award to the plaintiff reasonable attorney's fees and costs of the action, in addition to any judgment in favor of the plaintiff."); 24 V.I.C. § 79 ("In addition to the remedies provided by sections 77 and 78 of this chapter, any wrongfully discharged employee may bring an action for compensatory and punitive damages in any court of competent jurisdiction against any employer who has violated the provisions of section 76 of this chapter. The court in such action shall award to the plaintiff reasonable attorney's fees and costs of the action, in addition to any judgment in favor of the plaintiff.").

6

(5) Necessary expense of copying any public record, book, or document used as evidence on the trial.³

In this case, Plaintiff seeks $12,345.77 in costs. Plaintiff argues that 24 V.I.C. § 79 and 10 V.I.C. § 64 operate independently of 5 V.I.C. § 541, and that the Court should not consider § 541 in awarding costs. However, Plaintiff has not provided the Court with a citation to any case where a Court in this jurisdiction has awarded costs pursuant to 24 V.I.C. § 79 or 10 V.I.C. § 64 without looking to case law interpreting § 541. Both 24 V.I.C. § 79 and 10 V.I.C. § 64 require that the Court award reasonable costs to a prevailing plaintiff. The Court looks to case law interpreting 5 V.I.C. § 541 for guidance in determining reasonable costs.

First, with respect to the costs for photocopies (Affirmation of Lee J. Rohn, Ex. 2, ECF No. 148-1) ("Rohn Affirmation"), Plaintiff makes no effort to identify which documents were copied and how or if these photocopies were necessary expenses in this action. The Court is not persuaded that it can determine which of these costs, if any, are reasonable expenses. Therefore, the Court will strike all of the requested costs for photocopies and disallow them.⁴ This reduces Plaintiff's requested costs by $4,379.00.

Second, the Court will strike the request for recovery of the mediation fee dated 5/26/15. This fee is generally not recoverable under Virgin Islands law. *M&N Aviation, Inc. v. United*

---

³ This section also lists attorneys' fees as provided for in § 541(b) as a recoverable cost.
⁴ These requests include the following entries listed as costs for photocopies. Included are the date of the entry and the amount requested: 11/30/13 ($2.50), 12/13/13 ($23.50), 12/31/13 ($1.00), 12/31/13 ($59.00), 1/31/14 ($9.00), 1/31/14 ($9.00), 4/30/14 ($18.50), 4/30/14 ($5.25), 5/31/14 ($30.00), 5/31/14 ($333.00), 6/30/14 ($2.50), 7/31/14 ($21.50), 7/31/14 ($0.50), 7/31/14 ($3.75), 8/31/14 ($24.00), 9/30/14 ($5.50), 10/31/14 ($0.75), 10/31/14 ($47.00), 11/30/14 ($27.50), 2/28/15 ($168.50), 2/28/15 ($591.00), 3/31/15 ($70.50), 4/30/15 ($106.50), 4/30/15 ($72.00), 5/31/15 ($26.25), 5/31/15 ($219.50), 6/30/15 ($8.25), 7/31/15 ($415.50), 7/31/15 ($18.00), 8/31/15 ($276.00), 10/31/15 ($54.00), 11/30/16 ($6.50), 12/31/16 ($27.50), 12/31/16 ($74.50), 12/31/16 ($13.50), 12/31/16 ($16.50), 1/31/17 ($58.50), 1/31/17 ($7.00), 1/31/17 ($47.25), 1/31/17 ($73.00), 2/28/17 ($4.50), 2/28/17 ($7.50), 2/28/17 ($1,393.00).

*Parcel Service, Inc.*, 2014 WL 1178200, at *5 (D.V.I. Mar. 21, 2014) (citations omitted). This reduces Plaintiff's requested costs an additional $1,245.00.

Third, at oral argument, Plaintiff withdrew the requests for "Trial Witness fee – Germaine Lander" and "Trial Witness fee – Jane Austin"—both dated 2/21/2017—as these witnesses were never called at trial. The Court will similarly strike the process service fees[5] for these witnesses. Therefore, the Court will reduce the requested costs an additional $200.00.

Fourth, "the longstanding rule in the Virgin Islands is that travel expenses incurred in taking depositions will not be awarded absent special circumstances." *M&N Aviation*, 2014 WL 1178200, at *5 (citing multiple cases). Nor is the Court persuaded that these requests were reasonable in this case. Therefore, the Court will strike the two requests for travel and hotel expenses related to taking a deposition (both dated 3/11/15) as well as the request for hotel expenses related to another deposition (dated 4/7/15). This reduces Plaintiff's requested costs an additional $1,280.47.

Therefore, the Court will award costs in the amount of $5,241.30.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees will be granted on a modified basis, and Plaintiff will be awarded fees and costs in the total amount of $90,238.80. An appropriate order will follow.

           */s/ Anne E. Thompson*
           ANNE E. THOMPSON, U.S.D.J.

Date: June 12, 2017

---

[5] This entry is also dated 2/21/17.