NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# ST. CROIX DIVISION

| | |
|---|---|
| VIVIA WILLIAMS, <br><br> Plaintiff, <br> v. <br><br> RANGER AMERICAN OF THE V.I., INC. and RANGER AMERICAN OF PUERTO RICO, INC., <br><br> Defendants. | Civ. No. 14-00017 <br><br> **MEMORANDUM OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter has come before the Court on multiple motions. Defendants Ranger American of the V.I., Inc. and Ranger American of Puerto Rico, Inc. (collectively "Defendants") filed a motion for reconsideration. (ECF No. 174). That motion seeks partial reconsideration of this Court's granting Plaintiff Vivia Williams ("Plaintiff") Motion for Attorneys' Fees and Costs on a modified basis. Plaintiff opposes. (ECF No. 175). Defendants also filed a motion to deposit funds into Court. (ECF No. 168). Plaintiff opposes. (ECF No. 172). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, both motions will be denied.

## BACKGROUND

This case concerned Defendants' alleged discrimination against and wrongful discharge of Plaintiff. The case went to trial, which took place over four days, from February 27–March 2,

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

2017. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff on all three counts. On March 7, 2017, the Court entered Judgment in favor of Plaintiff in the total amount of $80,632.00. (ECF No. 147). On June 12, 2017, the Court granted Plaintiff's Motion for Attorneys' Fees and Costs on a modified basis, and awarded Plaintiff attorneys' fees and costs in the total amount of $90,238.80. (ECF Nos. 169, 170). On June 26, 2017, Defendants filed a motion seeking partial reconsideration of that decision. (ECF No. 174). Additionally, the parties apparently dispute how much money is owed to Plaintiff under the Judgment. On June 9, 2017, Defendants filed a motion to deposit funds into Court. (ECF No. 168).

## DISCUSSION

I. **Defendants' Motion for Reconsideration**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.3, a motion for reconsideration may be based on one of three separate grounds: (1) intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

"Such motions are not substitutes for appeals, and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Development, Inc. v. Evans*, 2009 U.S. Dist. LEXIS 93474, *6 (D.V.I. Sept. 30, 2009) (citing *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)) (internal quotation marks omitted). Rather, "reconsideration is an 'extraordinary' remedy." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). A motion for reconsideration "should only be granted where such facts or legal authority were indeed presented but overlooked." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *1 (D.N.J.

Aug. 1, 2012); *see also Rico v. Christopher*, 2016 WL 7155747, at *2 (D.V.I. Dec. 7, 2016) (citing *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012)).

Furthermore, the fact that a legal issue was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). Rather, "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *see also Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

Here, Defendants do not specify on which of the three permissible grounds they seek reconsideration. They do not present an intervening change in controlling law or present new evidence that was not previously available. Thus, the Court construes the motion as one based on the need to correct clear error or prevent manifest injustice. Defendants argue that the Court should reduce the amount of attorneys' fees awarded to Plaintiff from $90,238.80 to $79,567.10. (ECF No. 174 at 2). However, Defendants' entire motion consists of arguments that either were not previously presented to the Court or arguments that were presented, considered, and rejected in deciding Plaintiff's motion for attorneys' fees and costs. These arguments are insufficient for reconsideration of the Court's opinion.

Further, even if the Court were to consider the specific objections raised in Defendants' motion for reconsideration, the Court is not persuaded that it erred in previously awarding attorneys' fees in the amount of $90,238.80. For example, Defendant argues that the Court should have disallowed in its entirety the time spent by Attorney Rohn outlining depositions which were not ultimately used at trial. (ECF No. 174 at 2). The Court disagrees. The Court

previously reduced the hours expended for outlining one of the two depositions in question from four hours to two hours. (ECF No. 170 at 4). The Court is persuaded that the remaining time spent outlining depositions was reasonably expended as regular aspect of trial preparation. Also, Defendants argue that it was unreasonable that: (1) Attorney Lawrence expended two hours reviewing Defendant Ranger American of Puerto Rico's motion to dismiss for lack of personal jurisdiction and outlining issues to research; and (2) Attorney Lawrence expended 7.75 hours drafting an opposition to the same motion. Again, the Court previously reduced—from 7.50 hours to 3.75 hours—a separate entry for hours expended by Attorney Lawrence conducting legal research on the same motion. (*Id.*). The Court is persuaded that the remaining time spent by Attorney Lawrence responding to the motion to dismiss was reasonable.

In addition, Defendants argue that the Court should have disallowed the hours expended by Attorney Carpenter preparing for and taking depositions of Lithza Soto Escobar, Miguel Lopez, and Yvonne Cresse and the associated costs.[2] (ECF No. 174 at 2). However, the Court is not persuaded that it should have disallowed the fees and costs associated with these depositions simply because they were not ultimately used at trial. As a result, Defendants' motion for reconsideration is denied.

## II. Defendants' Motion to Deposit Funds Into Court

Defendants move pursuant to Fed. R. Civ. P. 67(a) to deposit funds into Court. Rule 67(a) is a "procedural device that was intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute." *Jarzyna v. Home Properties, L.P.*, 2016 WL 4417277, at *3 (E.D. Pa. Aug 18, 2016) (citations omitted). "The purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute while the parties litigate their

---

[2] The Court notes that it previously disallowed the travel costs associated with taking depositions in this case. (ECF No. 170 at 8).

difference with respect to the fund." *Id.* (quoting James Wm. Moore et al., *Moore's Federal Practice* § 67.02 (3d ed. 2009)). "Thus, while the 'Rule's procedures provide a place of safekeeping for disputed funds pending the resolution of a legal dispute… it cannot be used as a means of altering the contractual relationships and legal duties of the parties.'" *Bowles v. N.Y. Liberty,* 2015 WL 3540602, at *2 (D.N.J. June 1, 2015) (citations omitted). "Moreover, the decision whether to allow a Rule 67 deposit lies within the discretion of the Court." *Id.* (citation omitted).

Here, the parties litigated a case that went to trial, the jury returned a verdict in favor of Plaintiff, and the Court entered judgment in favor of Plaintiff. (*See* ECF No. 147). Defendants now seek leave of Court to deposit funds into Court because there is an apparent dispute between the parties as to the amount of money owed to Plaintiff under the Judgment previously entered by the Court. The dispute apparently relates to the amount of money that Defendants should withhold from Plaintiff with respect to the portion of the Judgment constituting Plaintiff's past loss of income. However, this was a relatively straightforward discrimination and wrongful discharge case. There is nothing unusual about the jury verdict or Judgment here that persuades the Court it should exercise its discretion to permit Defendants to deposit funds into Court. The parties should be able to resolve this apparent dispute. Defendants' motion is denied.

## **CONCLUSION**

For the foregoing reasons, both Defendants' Motion for Reconsideration and Defendants' Motion to Deposit Funds into Court are denied. Defendants must satisfy the Judgment in this case within twenty-one (21) days of the date of the accompanying order.

                                             */s/ Anne E. Thompson*
                                             ANNE E. THOMPSON, U.S.D.J.

Date: July 27, 2017